**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARD MANEGENG, | No. 08-70932 |
| Petitioner, | Agency No. A095-629-993 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Leonard Manegeng, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

The record does not compel the conclusion that Manegeng established changed circumstances sufficient to excuse his untimely asylum application. *See* 8 C.F.R. § 1208.4(a); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam). Accordingly, we deny the petition as to Manegeng's asylum claim.

The record also does not compel the conclusion that Manegeng suffered past persecution based on the discriminatory mistreatment he experienced in Indonesia. *See Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009); *Wakkary*, 558 F.3d at 1059-60. In addition, even though he is a member of a disfavored group, the record does not compel the conclusion that Manegeng established a clear probability of persecution in Indonesia, because he has not demonstrated sufficient individualized risk. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1185 (9th Cir. 2003); *Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence"). Accordingly, Manegeng's withholding of removal claim fails.

Finally, substantial evidence supports the agency's denial of CAT relief because Manegeng failed to establish it is more likely than not he would be tortured if returned to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**

08-70932